UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GLENN CALVIN DAMOND

CIVIL ACTION

VERSUS

NUMBER 12-665-JJB-SCR

E.B.R. SHERIFF'S OFFICE, ET AL


## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 31, 2012.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN CALVIN DAMOND

CIVIL ACTION

VERSUS

NUMBER 12-665-JJB-SCR

E.B.R. SHERIFF'S OFFICE, ET AL

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Glenn Calvin Reed filed a Complaint seeking a declaration that he is no longer require to register as a sex offender and ordering the defendants to remove his name as a sex offender.  Plaintiff named as defendants the East Baton Rouge Parish Sheriff's Office, The Advocate, the unnamed Chairman of Parole and the Division of Parole Office.  Plaintiff alleged that he was arrested for a sex offense in 1996, was sentenced to a 30-year term of imprisonment, was released July 14, 2011, and was required to register as a sex offender thereafter.  Plaintiff argued that on January 23, 2012, the U.S. Supreme Court decided that the sex offender registration act does not apply to him, a pre-act offender.  Plaintiff sought and was granted leave to proceed in forma pauperis.

Under 28 U.S.C. § 1915(e)(2)(B) the court may dismiss an in forma pauperis complaint when it is found to be frivolous, malicious or fails to state a claim upon which relief may be granted.  A complaint is legally frivolous when (1) the complaint has no realistic chance of ultimate success; or (2) it has no

arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of her claims which would entitle him to relief. *See*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Plaintiff's Complaint is legally frivolous as to all defendants, and as to defendant The Advocate, the Complaint also fails to allege any factual basis for a claim upon which relief may be granted.

The cases referred to by the plaintiff undoubtedly is *Reynolds v. United States*, ____ U.S. _____, 132 S.Ct. 975 (2012). However, in *Reynolds* the Supreme Court did not hold the federal Sex Offender Registration and Notification Act ("SORNA"), Pub.L. 109-248, Tit. 1, 120 Stat. 590 (2006)(codified in scattered sections of the U.S.C.), invalid.  The Supreme Court held that the SORNA does not require pre-Act offenders to register before the Attorney General validly specifies that the SORNA's registration provisions apply to them.  As the Court noted, the Attorney General issued an Interim Rule on February 28, 2007 specifying that "[t]he requirements of [the Act] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act."  Consequently, when the plaintiff was released from custody in 2011, the SORNA applied, and still

applies, to him.[1]

Plaintiff's Complaint is also deficient because he has named the E.B.R. Sheriff's Office as a defendant.  The E.B.R. Sheriff's Office is not an entity which can be sued as such.  Under Rule 17(b), Federal Rules of Civil Procedure, the capacity to sue or be sued must be determined by the law of the state in which the district court is held.  Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant.  It is also well settled under Louisiana law that a sheriff's department or office or "parish prison" is not a separate legal entity capable of being sued.  *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).

Plaintiff named The Advocate (Baton Rouge's local daily newspaper) but alleged no facts against it.  To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).  A plaintiff must also identify defendants who were personally involved or whose acts are causally

---

[1] Federal courts addressing the issue have also found that application of the SORNA to persons convicted of qualifying sex offenses prior to its effective date does not violate the Ex Post Facto Clause of the U.S. Constitution. *United States v. Shoulder*, ____ F.3d _____, 2012 WL 4748439 (9th Cir. 2012).

connected to the alleged constitutional violation. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 1995).   Plaintiff alleged no facts to support any claim against The Advocate, much less any facts which would show that it is a state actor or acted under color of state law in the circumstances alleged in his Complaint.   Plaintiff's claims against The Advocate are not cognizable under § 1983.

### Conclusion

Because it is clear that the plaintiff's Complaint, as amended, has no arguable basis in fact and in law, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). While it would be possible for the plaintiff to file an amended complaint to name the East Baton Rouge Parish Sheriff as a defendant and to identify the Chairman of Parole (presumably meaning the Parole Board), doing so would still not be sufficient to state a claim against them because there would still be no sufficient legal basis to challenge the application of the SORNA to the plaintiff.   Consequently, the dismissal should be without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his Complaint.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the

4

plaintiff's complaint be dismissed pursuant to § 1915(e)(2)(B)(i) as frivolous, and without leave to amend because there is no conceivable non-frivolous federal claim she could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, October 31, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5